```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| SERKAN CABI, PH.D., ISIN CAKIR, PH.D., and SAFAK MERT, PH.D, <br><br> Plaintiffs, <br><br> v. <br><br> BOSTON CHILDREN'S HOSPITAL, THE CHILDREN'S HOSPITAL CORPORATION, AND ITS AFFILIATED ENTITIES, UMUT OZCAN, M.D., and JOSEPH MAJZOUB, M.D., <br><br> Defendants. | No. 15-cv-12306-DJC |

**MEMORANDUM OF DECISION AND ORDER ON
DEFENDANTS' MOTION TO STRIKE THE LATE AND IMPROPER REBUTTAL
REPORT OF DR. MEHMET TONER (DKT. NO. 235)**

CABELL, U.S.M.J.

Serkan Cabi, Isin Cakir, and Safak Mert (collectively "the plaintiffs") have brought various employment related discrimination and retaliation claims against the defendants, Boston Children's Hospital, the Children's Hospital Corporation, Dr. Umut Ozcan and Dr. Joseph Majzoub (collectively "the defendants"). The present motion arises in the course of a dispute concerning expert discovery. The defendants contend that the rebuttal report of the plaintiffs' expert, Dr. Mehmet Toner, is untimely and improper and therefore should be stricken. (Dkt. No.

235).  Following consideration of the parties' submissions, the defendants' motion to strike is DENIED.

I. **RELEVANT BACKGOUND**

Per the court's pre-trial schedule, expert disclosures were due on or before April 28, 2017, and expert discovery was to be completed by June 16, 2017.  (Dkt. No. 188).  Consistent with the schedule, both parties filed their respective expert disclosures on April 28, 2017.  The plaintiffs' experts included, among others, Dr. Mehmet Toner.

On May 30, 2017, the defendants filed rebuttal reports authored by Dr. Barbara Bierer and Dr. Ron Rosenfield to rebut Dr. Toner's opinions as set out in his affirmative expert report.  The plaintiffs did not file any rebuttal reports at this time.  (Dkt. No. 236).

The defendants subsequently noticed Dr. Toner's deposition for June 14, 2017.  On June 12, 2017, two days before Dr. Toner's deposition, the plaintiffs filed a report authored by Dr. Toner; this report purported to rebut the opinions offered in the affirmative and rebuttal reports of Drs. Bierer and Rosenfield.

II. **LEGAL STANDARD**

Under Rule 26 of the Federal Rules of Civil Procedure, where the court does not otherwise set a relevant deadline, if an expert report "is intended solely to contradict or rebut evidence on the same subject matter identified by another party," such a disclosure

2

must be made "within 30 days after the other party's disclosure." Fed. R. Civ. P. Rule 26(2)(D)(ii). "A rebuttal report may cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert." *Glass Dimensions, Inc., ex rel. v. State Street Bank & Trust Co.*, 290 F.R.D. 11, 16 (D. Mass. 2013). "The expert disclosure requirements are not merely aspirational, and courts must deal decisively with a party's failure to adhere to them." *Lohnes v. Level 3 Communications, Inc.*, 272 F.3d 49, 60 (1st Cir. 2001). In that regard, "district courts have broad discretion in meting out . . . sanctions for Rule 26 violations." *Laplace-Bayard v. Batlle*, 295 F.3d 157, 162 (1st Cir. 2002). While the First Circuit has acknowledged "that preclusion of expert testimony is a grave step, not to be undertaken lightly, it is nonetheless among the arrows in the trial court's Rule 26(e) quiver, available for use in suitable cases." *Thibeault v. Square D Co.*, 960 F.2d 239, 247 (1st Cir. 1992).

### III. <u>ANALYSIS</u>

The defendants move to strike Dr. Toner's rebuttal report primarily on the ground that it is untimely and therefore prejudicial to the defendants. In particular, the defendants note that the plaintiffs served Dr. Toner's report almost two weeks after the deadline for rebuttal reports, and only 48 hours prior to Dr. Toner's noticed deposition. (Dkt. No. 236). The court

3

agrees with the defendants that Dr. Toner's rebuttal report is untimely. Since the court did not set a deadline for rebuttal reports in its scheduling order, the thirty-day default under Rule 26(2)(D)(ii) applied; accordingly, since expert disclosures were due on or before April 28, 2017, rebuttal reports were due by May 30, 2017. Dr. Toner's rebuttal report was unquestionably untimely because it was not served until almost two weeks later.

The plaintiffs aver that should any portions of Dr. Toner's rebuttal report be deemed as untimely, it should instead be categorized as a supplemental report to Dr. Toner's initial disclosures. While this may circumvent the untimeliness issue here, Dr. Toner's June 12 report cannot be appropriately categorized as a supplemental report.

Under Rule 26, expert reports may be supplemented in a "timely manner" if the initial disclosure "is incomplete, or incorrect." Fed. R. Civ. P. 26(e)(1)(A). In his June 12 report, Dr. Toner does not purport to clarify or otherwise correct the opinions and conclusions contained in his initial disclosures. Rather, as the court understands it, the purpose of the June 12 report is to respond directly to the opinions and conclusions of Drs. Beirer and Rosenfield, critique their methodology and characterization of the evidence, and draw conclusions favorable to the plaintiffs. (Dkt. No. 239). As such, Dr. Toner's June 12 report falls squarely within the definition of a rebuttal report as contemplated by the

4

Rules of Civil Procedure. *See Glass Dimensions, Inc.*, 290 F.R.D at 16 (internal quotations omitted) (an expert report qualifies as a rebuttal report if it is intended solely to contradict or rebut evidence on the same subject matter identified by the opposing party's expert report"). Indeed, Dr. Toner himself introduces the report as a "rebuttal report." Therefore, despite the plaintiffs' attempts to characterize it as otherwise, Dr. Toner's June 12 report is, in substance and effect, a rebuttal report.

Nevertheless, the court does not believe that striking Dr. Toner's rebuttal report is an appropriate sanction here. On balance, while the plaintiffs were late in filing Dr. Toner's rebuttal, the defendants have not shown that they have suffered any harm or prejudice by the untimely filing. *Bay State Sav. Bank v. Baystate Financial Services, LLC*, No. 03-40273-FDS, 2007 WL 6064455, at *7 (D. Mass. 2007) ("Rule 37(c)(1) contains a narrow escape hatch that allows courts to admit untimely evidence if the proponent's failure to reveal it was either substantially justified or harmless."). The defendants aver that the untimely filing was sufficiently harmful and prejudicial, in that it was served 48 hours prior to Dr. Toner's noticed deposition, and, presumably, the defendants did not have an adequate opportunity to prepare for the deposition. (Dkt. No. 236). However, as the court understands it, the deposition did in fact take place as scheduled, and the defendants availed themselves of the opportunity to fully

5

question Dr. Toner as to the substance of his initial disclosure and the rebuttal report at issue here. As the defendants were able to fully depose Dr. Toner, and no scheduling order previously in place was otherwise disrupted, the untimely filing was not, in this court's view, sufficiently harmful or prejudicial to the defendants to warrant striking the report.

An additional point bears noting with respect to the substantive content of Dr. Toner's rebuttal report. Independent of the untimeliness issue, the defendants move to strike the rebuttal report on the ground that Dr. Toner opines on the credibility and motivations of the defendants and their witnesses. (Dkt. No. 239). To the extent the rebuttal report contains any statements or opinions by Dr. Toner pertaining to credibility, motivations, or intent, those statements and opinions are categorically improper. *See e.g., United States ex rel. Dyer v. Raytheon Corp.*, No. 08-10340-DPW, 2013 WL 5348571, at *13 (D. Mass. Sept. 23, 2013)(excluding testimony that defendant "knowingly misrepresented results" because no expert is qualified to testify as to another's state of mind); *Holmes Grp., Inc. v. RPS Products, Inc.*, No. 03-40146-FDS, 2010 WL 7867756, at *5 (D. Mass. June 25, 2010) ("[a]n expert witness may not testify as to another person's

intent . . .[n]o level of experience or expertise will make an expert witness a mind-reader.").[1]

## IV. CONCLUSION

For the foregoing reasons, the defendants' Motion to Strike the Late and Improper Rebuttal Report of Dr. Mehmet Toner is DENIED.

***SO ORDERED.***

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: September 13, 2017

---

[1] The defendants make one additional argument in support of their motion. The defendants aver that Dr. Toner's rebuttal report should be stricken because it is "incomplete" in that Dr. Toner indicated that he produced the rebuttal report under time constraints, and intended to supplement the opinions contained in it with yet another report, to be produced in the foreseeable future. (Dkt. No. 236). While the court is not presented with the issue, it bears remarking that any report produced at this point would almost surely be untimely and per se prejudicial.